979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Paul WITTE, Plaintiff-Appellant,
v.
LAKESIDE INN AND CASINO; Richard Jeha; Stanley W.
Sperling; William F. Kartozian; Sam Anderson; Michael H.
Bradford, Official Capacity as owners, individually and in
their official capacity as owners, managers and employees of
Lakeside Inn and Casino, Defendants-Appellees.
 No. 91-16530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 12, 1992.
 
 Before CHOY, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an action by a former employee against his employer alleging sexual harassment in violation of Title VII, 42 U.S.C. 2000e et seq., and several pendant state claims. The district court granted summary judgment for the employer on the federal claims, and refused to exercise jurisdiction over the remaining state law claims. We agree with the district court that there are no genuine issues of material fact regarding the validity of an earlier release between the parties. However, the district court did not rule on the question whether the employer later breached the agreement, and whether such breach would permit the plaintiff to pursue his Title VII claim. We therefore remand for a hearing on whether a material issue of fact exists as to the alleged breach.
 
 FACTS
 
 3
 In December 1987 the plaintiff Arthur Witte entered into a agreement with his employer the Lakeside Inn and Casino, which had recently fired him, in which he released Lakeside from any liability for a threatened Title VII claim in return for his job and back-pay. In January 1988 Lakeside laid-off Witte and a number of other employees. Witte then filed suit in the District Court of Nevada alleging the Title VII claims which were covered in the release.
 
 DISCUSSION
 
 4
 Paragraph V of the agreement states,
 
 
 5
 EMPLOYEE further covenants and represents that he has not filed any complaints or charges against COMPANY with the Equal Employment Opportunity Commission, the Nevada Labor Commissioner or with any other local, state or federal agency or court, and that he will not do so at any time hereafter for any claims or causes of action arising out of his employment with COMPANY to date.
 
 
 6
 Plaintiff's First Amended Complaint, Exhibit 1. Because Witte's complaint is based upon alleged acts of sexual harassment which occurred before the signing of the agreement, the district court correctly concluded that the release would bar Witte's suit if it were valid. The court also says, however, that it must determine whether the agreement "was later breached with respect to the Title VII claim, thus supporting a new cause of action under the statute arising from conduct occurring after--and therefore not covered by--the release." Order at 5. Apparently the court meant that it must determine whether Lakeside engaged in post-release sexual harassment. As the court rightly points out, and Witte does not contend otherwise, there is no evidence of any post-release violations of Title VII. However, because by its terms the release does not bar Witte for suing Lakeside over later violations of Title VII, this second inquiry is irrelevant.
 
 
 7
 Unfortunately, the court did not consider the relevant possibility that Lakeside breached the agreement, which would then remove the bar to Witte's suit regarding the alleged pre-agreement harassment.
 
 
 8
 The district court concluded that under federal law the release signed by the Witte and his employer Lakeside was valid. While Witte argues strenuously that Lakeside and the other defendants breached this agreement, he does not challenge this conclusion. The issue in this appeal, therefore, is whether Lakeside breached the agreement in its treatment of Witte after he went back to work. In reviewing a grant of summary judgment, we must determine, viewing the evidence in the light most favorable to Witte, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). However, the record is insufficiently developed for this court to analyze this issue properly. Consequently, we must remand for consideration whether any material fact is in dispute as to whether Lakeside breached the agreement, and whether such a breach would remove the bar from Witte's suit.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3